606 Debby Mausel *v.* The New York, Chicago & St. Louis Railway Co., Appellant.

*Execution—Special fi. fa. under act of April* 7, 1870—*Act of June* 16, 1836 —*Railroads—Corporations.*

The special fieri facias allowed by the act of April 7, 1870, P. L. 58, on which corporate property may be sold, is a substitute for the writ of sequestration provided by section 73, of the act of June 16, 1836, P. L. 755, and compliance with the conditions precedent to the issuance of the latter is necessary to authorize the former.

If the special fieri facias be issued without a demand having been first made upon the officers of the corporation, and without a levy having been made upon the personal property of the company, the writ will be stayed.

Argued May 1, 1895. Appeal, No. 233, Jan. T., 1895, by defendant, from order of C. P. Erie Co., May T., 1883, No. 184, discharging rule to stay writ of fieri facias. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Rule to stay writ of fieri facias. Before GUNNISON, P. J.

From the record it appeared that The New York, Chicago & St. Louis Railway Company was an incorporated railroad extending from Buffalo, in the state of New York, to Chicago in the state of Illinois, and had executed its mortgage deed to The Union Trust Company of New York, and Charles A. O. McClellan, trustees, to secure its bonds, aggregating $10,000,000. Said company having failed to pay the interest on same, as it became due, the several courts in the various states through which said road was located, including the court of common pleas of Erie county, Pennsylvania, in equity, No. 2, May term, 1885, appointed D. W. Caldwell, special master commissioner, and ordered him to sell said railroad, franchises and property at public auction. Said special master commissioner, in pursuance of said referred to orders of the said referred to several courts, duly advertised the sale of said railroad etc. at auction, and on the 19th day of May, 1887, sold the same to Frederick P. Olcott, William K. Vanderbilt, Jas. A. Roosveldt, and John S. Kennedy, for the sum of $16,000,000. The sale so made was duly confirmed by the said referred to several courts, and the purchase money was paid, and on the 23d day of June, 1887,

said named D. W. Caldwell made conveyance of all of said property to said named purchasers by deed. Afterwards a railroad was duly incorporated under the name of The New York, Chicago & St. Louis Railway Company, and all of said referred-to property was conveyed to it, and said company is now the owner of the same.

When the writ of fieri facias was issued the sheriff did not levy on personal property, as required by law, but on real estate, and at once proceeded to advertise it for sale without waiting for a second writ before proceeding to sell.

The property levied upon was the property of The New York, Chicago & St. Louis Railway Company, and not of defendant in said writ. Thereupon the appellant presented its petition to the court below, asking that the writ should be stayed and the sale of its property be restrained, and the plaintiff, Debby Mausel, filed no answer to said petition.

A rule to show cause was granted, and after argument the court refused to grant the prayer of the petitioner, and The New York, Chicago & St. Louis Railway Company took this appeal.

*Errors assigned* were:

1. The court erred in not granting the prayer of the petition of The New York, Chicago & St. Louis Railway Company, as set forth in its said referred-to petition, to wit: That said named plaintiff, Debby Mausel, should not, by virtue of her writ of fieri facias, issued against The New York, Chicago & St. Louis Railway Company, sell the property belonging to it, The New York, Chicago & St. Louis Railway Company.

2. The court erred in discharging the rule to show cause why proceedings should not be stayed on fieri facias No. 17, November term, 1894, wherein Debby Mausel was plaintiff, and The New York, Chicago & St. Louis Railway Company was defendant.

3. The court erred in not granting the prayer to stay said writ of fieri facias, for the reason that the plaintiff in said writ had caused the sheriff to levy on the property of The New York, Chicago & St. Louis Railway Company, instead of the property of the defendant in the writ, as required by law.

4. The court erred in not granting the prayer of the petitioner to stay said referred-to writ of fieri facias, for the reason that on the 10th day of September, 1894, said writ of fieri facias was issued, and was the first writ issued on the said referred-to judgment, and by virtue of said referred-to writ, the sheriff did not make a demand upon said defendant company for the amount of the debt, etc., sought to be collected by virtue of said writ, and did not make a levy on personal property as required by law. ˙

5. The court erred in not staying, etc., said writ of fieri facias, for the reason that the sheriff, without first having made a demand and a levy upon the property of the defendant, and without having returned his writ unsatisfied in whole or in part, he proceeded to advertise the sale of the property, real estate, etc., of the defendant, in Erie county, contrary to the procedure provided by law.

*S. A. Davenport*, for appellant.—In this case the sheriff entirely disregarded the law, and he has levied upon the property of another corporation in no wise connected with the. defendant corporation.    This is clearly contrary to law, and therefore it was the plain duty of the court to have granted the prayer of the New York, Chicago & St. Louis Railway Company and restrained the sheriff from proceeding against its property: Hills v. Street, 5 Bingham, 27, 56 L. J. 457; Chase v. Dwinal, 7 Greenl. 134, and Chamberlin v. Reed, 13 Me. 357; Astley v. Reynolds, 2 Str. 915; Wakefield v. Newbon, 6 Q. B. 276; Close v. Phipps, 7 M. & G. 586; Harmony v. Bingham, 12 N. Y. 99; Motz v. Mitchell, 91 Pa. 114.

The writ was improvidently issued: Phila. & Balt. Cent. R. R. Co.'s App., 70 Pa. 355; act of April 7, 1870, P. L. 58; Flagg v. Farnsworth, 12 W. N. C. 500; Second Nat. Bank of Titusville v. Gibbs & Sterrett Mfg. Co., 13 W. N. C. 174; Fox v. Hempfield R. R., 8 Phila. 639; Williams v. Lawrenceville etc. Ry. Co., 21 Pitts. L. J. 187; Guest v. Lower Merion Water Co., 28 W. N. C. 285; Phila. & Balt. C. R. R. Co.'s App., P. P. S. 355; Com. v. Susq. & Del. River R. R., 122 Pa. 306; Graham v. Penn. & Ohio Canal Co., 3 Pitts. 341.

*J. Ross Thompson*, for appellee.—The doctrine that the cred-

itor has a right to seize and sell his debtor's property, whatever it may be, has been so firmly fixed that the courts have not been armed with power to interfere in limine : Hunter's App., 40 Pa. 194.

The case of Pennsylvania & Ohio Canal Co. v. Graham's Executors, 3 Pitts. 341, cited by the appellants, is mere dictum, and decided by a judge of the court of common pleas of Lawrence county, Judge McGuffin, in October, 1870, shortly after the passage of the act of 1870.

Opinion by Mr. Justice McCollum, November 4, 1895 :

Debby Mausel obtained a judgment in the court of common pleas of Erie county against the New York, Chicago & St. Louis Railway Company, and by virtue of a writ of fieri facias issued thereon levied upon, and advertised for sale, its roadbed, right of way, depots, grounds, sidings, etc., in said county, together with its franchises. The case is now before us on the appeal of the defendant company from an order of the court below discharging a rule to show cause why the proceedings on the fi. fa. should not be stayed or set aside. As the record stands the material question to be considered is that which is raised by the 2d and 5th specifications of error. It is obvious that the levy in this case was not warranted by the writ on which it was made and that the court below should have set it aside on the motion of any party injuriously affected by it. That the defendant company is such a party cannot be denied by the plaintiff because she alleges that it is the owner of the property levied upon. It is well settled that the franchises and other property essential to the existence and proper operation of a railway company cannot be seized and sold on an ordinary fi. fa. The special fieri facias allowed by the act of April 7, 1870, P. L. 58, and on which such property may now be sold is a substitute for the writ of sequestration under section 73 of the act of June 16, 1836, and compliance with the conditions precedent to the issuance of the latter is necessary to authorize the former. As the plaintiff in this case did not comply with these conditions we are constrained on the appeal of the defendant company to sustain the 2d and 5th specifications of error.

On the argument at bar a motion was made to amend the record by substituting the New York, Chicago & St. Louis *Rail*

*road* Company as appellant in place of the New York, Chicago & St. Louis *Railway* Company. This motion was resisted by the plaintiff and upon consideration of the same we declined to allow it. The specifications based on the claim of the New York, Chicago & St. Louis *Railroad* Company need not therefore be considered on this appeal. If the plaintiff proceeds in conformity with the act of April 7, 1870, to levy upon and sell the property unlawfully seized on the fi. fa. allowed by section 72 of the act of June 16, 1836, and the New York, Chicago & St. Louis Railroad Company, claiming to have a clear title to the same, intervenes to prevent a sale of it, the question suggested by the remaining specifications can be properly presented, considered, and disposed of. Whether the nature of the property and the interest the public has in the operation of the road, together with the complications which might arise from a sale upon the special fi. fa. under such circumstances, would afford ground for equitable relief, is a matter in regard to which we express no opinion at this time.

Decree reversed and levy set aside at the cost of the appellee.