John E. Bell, Elizabeth Bell, M. B. Riddle, Thad. Stewart, William A. Ford, R. L. Holiday, E. B. Kay, and W. S. Bell, Elizabeth Bell and —— Bell and —— Bell heirs of Samuel H. Bell, deceased, stockholders in the Bellwood Water Company of Bellwood, Pa., Appellants, *v.* R. D. Wood & Company to use of The Camden Iron Works of Camden, N. J.

*Corporations—Execution—Special fi. fa.—Act of April 7,* 1870.

The land which is a component part of the plant of an incorporated water company, and necessary to the enjoyment of the corporate franchises, may be sold on the special writ of fieri facias provided by the Act of April 7, 1870, P. L. 58.

*Corporations—Receivers—Stockholders.*

An application by stockholders for the appointment of a receiver of a corporation will be refused, where it appears that there is no charge of mismanagement, that there are no scattered assets to be marshalled, and that the only effect of granting the application would be to hinder and delay the collecting of valid claims.

Argued April 19, 1897.    Appeal, No. 496, Jan. T., 1896, by plaintiffs, from decree of C. P. Blair Co., No. 257, Docket "A" in equity.    Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ.    Affirmed.

Bill in equity for an injunction, and for the appointment of a receiver.

The facts appear by the opinion of BARKER, P. J., of the 47th judicial district, specially presiding, which was as follows:

The plaintiffs in this suit own a majority of the shares of stock of the Bellwood Water Company, amounting to some $21,000, and on the 23d of May, 1896, they filed a bill of complaint in their own behalf and on behalf of any such other stockholders as might see fit to join in the same.    In said bill they allege that the consideration for the stock held by them in said company was the conveyance to said company of a tract of land, partly in Blair and partly in Cambria county, known as the M. Dull tract, containing four hundred and thirty-three acres, with certain water rights and privileges, and that on said tract are located the dams and reservoirs of the Bellwood Water Company from which water is supplied by means of water main pipes and connections to the Northwestern Railroad Company and a large number of individual consumers.    The bill further recites that judgments have been obtained in the courts of Blair county for upwards of $12,000 in favor of the defendants named in the bill against said corporation, and the property, real, personal and mixed, of the same, including the said tract of land alleged to be held in perpetuity, advertised to be sold at sheriff's sale on writs of special fieri facias issued from said judgments in the manner prescribed by the act of April 7, 1870, and the court was asked to restrain said sales by injunction on the ground that real estate held in fee by a corporation could not be sold in the manner provided by the act of 1870.    The

bill also alleged that fifty bonds of $500 each had been issued. by said company, secured by a mortgage on all its property, and that these bonds had been given to A. A. Stevens, the treasurer of the company, for the purposes of negotiation and payment of its corporate indebtedness, that they believe there exists a fund arising from the bonds already negotiated, together with the probable proceeds of bonds not yet negotiated, sufficient to pay and extinguish the entire corporate indebtedness, that no account has been furnished by the treasurer of the proceeds of said bonds, and that the corporation being unable to pay and discharge its indebtedness, irreparable injury will be done to complainants by the sale of the property of the corporation without affording it an opportunity to have an account stated of the proceeds of the sale of bonds and a proper marshaling of its assets.    For these reasons the court was asked to appoint a receiver for the said corporation.

On the presentation of the bill to us, due notice of the time having been given to counsel for the defendant, who were present when the application was made, a preliminary injunction was awarded, the execution of the writs stayed, and a rule granted to show cause why a receiver should not be appointed. Subsequently defendant's counsel moved to dissolve the injunction, assigning therefor several reasons which we need not now consider because of the disposition made of the injunction on other grounds.    We might say, however, that we do not consider any of the reasons assigned in the motion of themselves sufficient grounds for dissolving the preliminary injunction, but it is unnecessary to devote any time to the discussion of the reasons for arriving at such a conclusion.    On the hearing of the motion to dissolve the preliminary injunction, no testimony was taken but it was then agreed, although no formal agreement appears on record, that the injunction should be disposed of at the next meeting as upon a final hearing, as well as the application for appointment of a receiver.    The defendant then filed an answer responsive to the bill, and at the final hearing considerable testimony was taken, at least on part of the plaintiffs.

Under the statement of facts contained in the plaintiffs' bill and the accompanying affidavits, it was clearly our duty to stay the writs, but at the subsequent hearing it was developed that

the plaintiffs' counsel, in his hasty preparation of the bill, in order that it might be presented in time to prevent a sale, did not observe that the deed for the M. Dull tract did not convey the land in fee, but only conveyed certain rights to the streams of water on said tract, a fact that was not disputed on the hearing and was apparent to us from an inspection of the deed; and it was also shown by the testimony that no dam or reservoir had been erected on the said tract by the Bellwood Water Company. It was developed, however, that the Bellwood Water Company had a title in fee to about one acre of land conveyed to it by John Coady, and that on this was its " intake " or small dam from which the water entered into its pipes, and this land being included in the general levy made by the sheriff and the description of the property advertised to be sold, it was contended by plaintiff's counsel that there was still authority for restraining a sale under the special fi. fa. authorized by the act of 1870, and requiring the sale, at least as to this land, to be made under the act of 1836. Without entering into a lengthy discussion as to the effect upon the act of 1836 by the act of 1870 and the proper proceedings to be resorted to in order to sell the property of a corporation, it is sufficient to say that the precise question before us was decided by the Supreme Court in the case of Greensburg Fuel Company v. Irwin Natural Gas Company, 162 Pa. 78, adversely to the contention of the plaintiffs. The decision in that case is so entirely in harmony with the case of Guest v. Water Company, 142 Pa. 610, and the numerous other cases in which the act of 1870 has been before the Supreme Court and the lower courts, that it may be regarded as settled law that it is proper practice under the act of 1870 to sell on the special fi. fa. provided for by that act land which is a component part of the corporate plant and necessary to the enjoyment of corporate franchises, and, which, therefore, could not be sold on execution under the act of 1836. The land purchased from Coady is certainly dedicated to corporate purposes and essentially incident and appurtenant to the exercise of the corporate rights, business and franchises of the Bellwood Water Company, and therefore is subject to sale in the manner resorted to by the plaintiffs in the executions stayed by us.

The plaintiffs were also unfortunate in being unable to substantiate the allegations in their bill upon which they based

their prayer to have a receiver appointed.  A. A. Stevens, the treasurer of the company, and the only witness called in regard to this matter by either side, testified that the plant of the Bellwood Water Company had cost upwards of $26,000, and there had been advanced by himself and others, including the claim of R. D. Wood & Co., upwards of $26,000 for which bonds were held as collateral, that $12,000 of the bonds were in the hands of the defendant in this suit as collateral for the payment of their judgments, placed there by the written order of John E. Bell, president of the company and one of the present plaintiffs; $1,000 of the bonds were delivered in part payment for pipe laying to the parties who laid the pipe, and the balance held by himself, by Stevens & Owens, and the First National Bank, of Tyrone, as collateral for money advanced to pay for the expenses of the construction of the plant, and that there are still outstanding some debts unsecured, amounting to from $1,000 to $1,500, some of which are in dispute.  Mr. Stevens also testified that he had been unable, after repeated and diligent efforts to do so, both at home and abroad, to dispose of the mortgage bonds of the company, but that the erection of a plant by Bellwood borough and the business depression had interfered, and there was no attempt or offer to show that even a possibility exists of negotiating them now or in the future and thus receiving sufficient money to pay off the indebtedness of the company, and even if this could be done, we scarcely see how the situation would be bettered much with no probability of the receipt of sufficient revenue to even pay the interest on the bonds as it accrues.  The testimony taken by the plaintiffs also discloses the fact that, although the water company has been in operation for over two years at least, its revenues have not yet exceeded over $1,150 a year, $1,000 of which is received from one customer, the P. & N. W. Railroad Co., and the testimony in support of the witnesses that the revenue from other sources was about $150 a year is so vague and uncertain, that it seems to us that about the only reliable source of revenue is the railroad company.  It will thus be seen that the revenue has as yet been insufficient to pay the interest on the bonded indebtedness, and no attempt was made to show that there was any reasonable expectation that the revenue would likely be increased in the future.  We assume that this state of facts

exists, mainly for the reason that about the same time that this company was organized, a system of water works was introduced by the borough of Bellwood, which fact seems to have precluded this company from supplying water to persons living within the borough limits; whether this is the result of the legal rights of the borough water company or from the force of circumstances is an immaterial matter in this case.

The claim of the defendant upon which judgment was obtained and execution issued is not disputed,—it was for water pipe furnished the company,—is overdue, and there is no claim of any agreement to forbear collection of the same.

Although it was intimated at the time of the hearing, and on argument, that the plaintiffs did not think it was necessary to dispose of or hypothecate the full amount of the mortgage bonds to secure the debts incurred in the installation of the plant of the water company, in other words, that if properly administered there would remain from the proceeds of the bonds a considerable amount to apply to the legitimate indebtedness of the company—there was no effort to introduce any testimony to this effect, although the plaintiffs received a plain intimation from the court in reply to the suggestion above referred to, that notwithstanding Mr. Stevens had been called by them, testimony would be received showing what the indebtedness of the company was and what disposition had been made of the bonds, even though that testimony tended to contradict him. In this connection we might suggest that questions of account between the stockholders and officers and questions of a similar character cannot be adjudicated in this case, it being between the stockholders and creditors, although of course such matters might be of sufficient moment in certain cases to warrant the appointment of a receiver, to protect the property until they were adjudicated. This suggestion also applies to the suggestions made in the argument as to the fund in the hands of the N. & P. W. R. Co. not taken by the defendant on the order they hold, as well as the holding by defendant of bonds as collateral while pursuing the debtor by execution. All these matters will have to be settled in other proceedings.

Under such a situation of affairs as that shown by the testimony in this case and recited above, we scarcely see where the equities of the case require or even permit us to appoint a re-

ceiver to take charge of the affairs of the company. There are no scattered assets to be marshalled, no allegation of mismanagement in the conduct of the present business of the company. The purposes of the application and the only effect of granting it would be to hinder and delay the collection of a valid claim, and nowhere do we find any authority warranting the appointing of a receiver where the effect would be such as that mentioned. See opinion of Judge WEAND in Griffen v. Burden, 10 Montgomery Co. Rep. 184, in which it is also held that on a stockholder's bill a receiver will not be appointed where the same purposes can be accomplished by a sheriff's sale. No sufficient foundation has been laid for any belief that the property could be disposed of to any better advantage at the hands of a receiver than by a sheriff's sale, and even if that were established, it would not furnish a sufficient reason for appointing a receiver, as was expressly ruled in the case of Pairpoint Manufacturing Co. v. Watch Co., 161 Pa. 17.

We can see that by the conveyance to this corporation of valuable franchises by the plaintiffs they are liable to lose them without receiving sufficient compensation therefor, but that furnishes us with no sufficient reason to grant relief not otherwise warranted in the premises, and more especially when we cannot perceive how the granting of a receiver, which could only delay a sale of the property a short time under the circumstances of the case, can in any way reinstate them in the position they were when they made this conveyance, or furnish them with adequate compensation for the franchises conveyed by them at a time when they were sui juris and capable of judging of the probable results of their act. We have examined with care the authorities cited and all text books within our reach on the subject of the appointment of receivers, and fail to find a single case that would warrant us in the appointment of a receiver under the facts of this case, and this makes it unnecessary for us to refer to Gravenstine's Appeal, 49 Pa. 310, which seems to be authority that it is error to appoint a receiver when the corporation is not made a party to the bill. We suggested this weak spot in the case to the counsel when the bill was presented, and again intimated it at the time of the hearing, but the case lacks merit in the direction already referred to, and it is unnecessary for us to consider whether this authority is applicable or not.

The authorities all unite in agreeing that the appointment of a receiver is a delicate duty, and one that should not be performed without hesitation and a careful examination of all the facts of the particular case, and we need only refer to a few of the Pennsylvania authorities on this subject to show that the Supreme Court has always been very willing to reverse when the power has been exercised where the circumstances did not absolutely require it, and where it did not clearly appear that irreparable injury would result from the refusal to do so.   We refer to Gravenstine's Appeal, supra; Pairpoint Manufacturing Co. v. Optical Co. supra; Lowry v. Optical Co., 161 Pa. 123, and the cases there cited.

The injunction previously issued having been awarded on a state of facts not sustained by the proofs must be dissolved at the costs of the plaintiffs, and the facts and the law applicable thereto not warranting us in appointing a receiver, the bill must be dismissed.

Now, July 21, 1896, this case came to be heard on bill and answer, testimony having been taken and the case argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows:

That the preliminary injunction is hereby dissolved and the bill dismissed at the costs of complainants, and the sheriff of Blair county is permitted to proceed on proper writ or writs of fi. fa. to sell the personal, mixed and real estate pertaining to the necessary enjoyment and exercise of the franchises of the Bellwood Water Company, together with the franchises and rights of the Bellwood Water Company.

*Error assigned* was decree of the court.

*W. I. Woodcock,* for appellants.—The evidence discloses the fact that the Bellwood Water Company was insolvent, that the mortgaged property was insufficient for the payment of its debts, and that there was danger of loss unless a receiver was appointed. In such a case a receiver will usually be appointed: 2 Cook on Stock and Stockholders, sec. 862; Levan's App., 112 Pa. 294; Gluck & Becker on Receivers, 37, 38.

The evidence in the case showing that the Bellwood Water Company owned, at the time of said equity hearing, the title in

fee or property to the Coady tract of land, the court erred in ruling that the same could be sold under the special fi. fa. issued under the act of 1870.

A mortgagee will be restrained by injunction from proceeding at law to sell the equity of redemption: Severns v. Woolston, 3 Green Ch. 220; Long Dock Co. v. Mallery, 1 Beasley, 93; McIntire v. Shaw, 6 Allen, 83.

So where property was under mortgage to its full value, a subsequent judgment creditor was restrained by injunction from selling the premises, and the mortgagees were ordered to proceed to foreclosure with all possible dispatch: Hilliard on Injunctions, p. 678; Duncan v. Edwards, 2 Desaus. 369.

*D. J. Neff*, with him *Biddle & Ward*, for appellee.—The exception in the act of 1870 is limited to the land which the corporation holds in fee and which is not dedicated to corporate purposes, or essential to the exercise of the corporate franchises : Greensburg Fuel Co. v. Nat. Gas Co., 162 Pa. 78; Guest v. Water Co., 142 Pa. 610.

The proceedings required to sell under special fi. fa. are fully considered in the following cases : Mausel v. N. Y., Ch. & St. L. Ry., 171 Pa. 606; Phila. & Balt. Cent. R. R. Co.'s App., 70 Pa. 355; Fox v. R. R.; 8 Phila. 639; Hassall v. Union Canal Co., 2 Pa. C. C. R. 147.

When the corporation is not a party to the bill it is error to appoint a receiver: Gravenstine's App., 49 Pa. 310.

An injunction will not be granted to restrain a sale on execution on a confessed judgment except upon the clearest right and to avert irreparable injury, nor will a receiver for property so levied be appointed except under the same circumstances :. Phila. v. Dobson, 10 Pa. C. C. R. 34.

A receiver will not be appointed on stockholder's bill when the same purpose can be accomplished by a sheriff's sale : Griffen v. Burden, 10 Montg. 184.

The proceeds of the sheriff's sale of the property, franchises, etc., of the corporation under the act of 1870, are to be distributed amongst all the creditors as in case of insolvency. The execution creditors have no priority. The levy under such execution does not create a lien on the property seized: Bayard's App., 72 Pa. 453; Hopkins & Johnson's App., 90 Pa. 69.

A sale under a judgment confessed by an insolvent corporation will not be restrained by a court of equity on the ground that a sale of the company's property can be more advantageously conducted in the interests of all the creditors by receivers: Pairpoint Mfg. Co. v. Watch Co., 161 Pa. 17 ; Lowry, Trustee, v. Phila. Watch Co., 161 Pa. 123.

When the averments of the bill are specifically denied by the answer, affidavits or evidence, the averments in the bill must be supported by competent evidence : Saake v. Dorner, 167 Pa. 301 ; Huston v. Harrison, 168 Pa. 136 ; Souder's App., 169 Pa. 249 ; Smith v. Ewing, 151 Pa. 256 ; Hand v. Weidner, 151 Pa. 362 ; Fidelity Co. v. Weitzel, 152 Pa. 498 ; Washburn's App., 105 Pa. 483.

A preliminary injunction should never be granted except in a clear case of right, in order to prevent irreparable mischief : Brown's App., 62 Pa. 21 ; 6 Brewster's Practice, sec. 564, p. 423.

PER CURIAM, May 3, 1897 :

A careful consideration of this record discloses no error in the decree of July 21, 1896, or in the proceedings leading up thereto. The action of the court below in dissolving the preliminary injunction and dismissing the bill at the plaintiff's costs is so fully vindicated in the clear and convincing opinion of the learned president of the 47th judicial district, who specially presided at the hearing, that nothing need be added thereto.

Decree affirmed and appeal dismissed at plaintiffs' costs.