## Margo *v.* Pennsylvania Railroad Company, Appellant, (No. 2).

*Railroads—Execution—Exempt property.*

The law does not permit the seizure and sale on execution of the property of a railroad company necessary to enable it to perform its duties to the public.

Railroad ties, rails, lumber, pipe and other personal property owned by a railroad company, and used for repairs of bridges, tracks, sidings, and for other like emergency purposes, cannot be levied upon and sold under an ordinary writ of execution.

Argued Oct. 30, 1905.   Appeal, No. 145, Oct. T., 1905, by defendant, from orders of C. P. Cambria Co., March T., 1905, No. 82, discharging rules to set aside sale of personal property in case of Annie Margo v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Rules to set aside sale of personal property.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were orders discharging rules to set aside sale of personal property.

*H. W. Storey*, for appellant.—Property of a quasi-public corporation that is essential to the performance of its duties to the public cannot be taken in execution and sold under a judgment against it without express statutory provision to that effect: Youngman v. R. R. Co., 65 Pa. 278; Foster v. Fowler, 60 Pa. 27; Covey v. R. R. Co., 3 Phila. 173; Susquehanna Canal Co. v. Bonham, 9 W. & S. 27; Boyd's Appeal, 15 Atl. Repr. 736; Bank v. Tanning Co., 170 Pa. 1; Mausel v. Ry. Co., 171 Pa. 606; Bell v. Wood, 181 Pa. 175; Longstreth v. R. R. Co., 11 W. N. C. 309.

*P. J. Little*, for appellee.—The courts have large discretionary powers over their executions: Newhart v. Wolfe, 2 Pennypacker, 295; Gamble v. Woods, 53 Pa. 158.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

The plaintiff recovered a verdict in the court below in an action of trespass for injuries resulting in the death of her husband. On February 10, 1905, after a new trial had been refused, judgment was entered on the verdict. On March 4, a fieri facias was issued thereon returnable the first Monday of June following. A levy was then made on some personal property in the office of the superintendent of the defendant company. On March 13, the defendant took an appeal to the Supreme Court. On the following day the levy was stricken off by order of the court. On May 22, another levy was made on the personal property in and around the superintendent's office. On the same day a levy was also made on seven separate parcels of land, which were formerly a part of the right of way of the old portage road, and notice was served on defendant that inquisition proceedings would be held thereon June 5. The defendant then presented a petition asking that the sale of the personal property be set aside on the ground that the writ was invalid. On the return day of the writ, the sheriff made another levy on the railroad ties, rails, lumber and other materials used by the defendant company for emergency purposes, and advertised the same to be sold on June 22. On June 14, defendant presented a petition asking that the levy on the personal property and the inquisition proceedings on real estate be set aside. A rule to show cause was granted returnable June 19, at which time testimony was taken and the court discharged the rule. Thereupon the sheriff again advertised the sale of the personal property to take place July 6. On July 3, on petition to the Supreme Court, a rule to show cause why the appeal when taken should not be a supersedeas was granted, and an order was made staying the proposed sale and all other proceedings, the rule being made returnable to the western district October 14, 1905. On July 5, this appeal was taken from the orders of the court below as above indicated.

A little forbearance and professional courtesy, which should always be shown by members of the bar to each other, would have saved this vexed and complicated record. The fieri facias was issued a few days before the appeal was taken, without notice to the defendant or its counsel, and a levy was made on certain personal property, but on the day following the ap-

peal this levy was stricken off by the court.    Notwithstanding
that the appeal was pending counsel for plaintiff caused the
sheriff to make a new levy and proceed to a sale thereon for
the purpose of satisfying the judgment appealed from.    It is
contended that his right to thus proceed is justified by the Act
of May 19, 1897, P. L. 67, relating to appeals to the Supreme
and Superior Courts, wherein it is provided that an appeal
shall not be a supersedeas to an execution issued on a judg-
ment unless taken and perfected within three weeks from the
entry of the judgment.    More than three weeks elapsed from
the entry of the judgment until the appeal was taken.    Coun-
sel for defendant within a few days from the time he had notice
of the entry of the judgment took an appeal and proceeded at
once to perfect it.    He has been diligent in resisting the claims
of the plaintiff at every stage of the proceedings since that
time.    This record discloses a somewhat anomalous situation.
The plaintiff has caused a fieri facias to be issued, levy to be
made, and the sheriff has actually sold personal property belong-
ing to the defendant in partial satisfaction of the judgment
entered in the court below, while the validity of that judgment
was still pending in the Supreme Court.    This court at No. 65,
October Term, 1905, reversed the judgment, and as the record
now stands there is no judgment to support an execution.    It
would have been wiser for the learned counsel for appellee to
have waited the final determination of the questions involved
on the appeal.

Another question has been raised by this appeal, which it is
necessary to consider.    The levy of June 5, was made on rail-
road ties, rails, lumber, water pipe, iron pipe and other personal
property which the defendant alleges is used for emergency pur-
poses.    It is contended that this property is exempt from levy
and sale under the ordinary writ of fi. fa.    On grounds of
public policy the law does not permit the seizure and sale on
execution of the property of a railroad company necessary to en-
able it to perform its duties to the public.    This is the settled
rule of our cases : Foster v. Fowler, 60 Pa. 27 ; Youngman v.
Railroad Co., 65 Pa. 278 ; Mausel v. Railway Co., 171 Pa. 606 ;
Bell v. Wood, 181 Pa. 175.

In a number of cases it has been held that property essential
and necessary to the existence of a railroad company and in ac-

tual use cannot be seized and sold under an ordinary writ of fieri facias. In such cases the special writ provided by the Act. of April 7, 1870, P. L. 58, is the proper remedy. It has also been held that property, real or personal, necessary to the exercise of a public franchise, is to be regarded as part thereof, and is not subject to execution by the ordinary writ : Bank v. Tanning Co., 170 Pa. 1.

The testimony taken on the rule in the court below clearly shows that the materials levied on were all intended to be used for emergency purposes ; that it was necessary to keep in stock a large amount of these materials in order to ensure the proper maintenance and operation of the railroad ; and that the materials on hand were not more than were necessary for these purposes. No evidence was offered in contradiction of the testimony of the witnesses produced by the defendant. Their testimony stands unimpeached. It clearly established the fact that the materials levied upon were used for repairs of bridges, tracks, sidings, and other like emergency purposes, wherein the very highest standard of care is required in the discharge of the defendant's duties to the public.

The learned court was in error in disregarding the testimony offered and drawing its own conclusions that the materials levied on did not hinder the defendant in the performance of those acts authorized under its charter.

The order of the court of July 19, 1905, discharging the rule to show cause why the levy and inquisition should not be set aside, is reversed, and it is ordered that a writ of restitution be issued by the court below for the property sold.