## Best v. Blue Ridge Water Supply Company.

*Setting aside sheriff's sale—Exceptions—Special fi. fa.—Advertisement of sale—Acts of June 16, 1836, April 7, 1870, and July 22, 1919.*

1. Rules of court prescribing the practice with reference to exceptions to acknowledgments of sheriff's deeds should be followed.

2. The special provisions of the acts relating to executions against corporations should be strictly followed. The presumption is that the sheriff acted in conformity with the statute, and where the allegation is that he did not follow the statute, the burden is on the defendant to sustain the allegation.

3. Where it is admitted that the sheriff did not post the advertisement of his sale on the premises the required number of days before the sale, as directed by law, the sale will not be set aside unless the exceptant presents a case which shows that the failure to set aside the sale will work a real injury. Where sales are set aside, a bond should be given conditioned that a resale will be at a substantial increase.

4. The 62nd section of the Act of June 16, 1836, P. L. 772, providing for notice of a sheriff's sale by handbills, is not repealed by the Act of July 22, 1919, P. L. 1089.

Acts of June 16, 1836, P. L. 774, and April 7, 1870, P. L. 58, considered.

Petition to set aside sheriff's sale. C. P. Northampton Co., April T., 1922, No. 131; April T., 1925, No. 2, special fi. fa.

*Smith & Paff*, for petitioner.

*Charles P. Maxwell* and *T. McKeen Chidsey*, for defendant.

STEWART, P. J.—This is an attempt of the Blue Ridge Water Supply Company, the defendant, in an execution to set aside a sheriff's sale. The sheriff's sale took place on April 11, 1925. Monday, April 13th, was the regular term. Section 224 of the Court Rules is as follows: "The Monday following the return of the execution immediately after the opening of the court in the morning is the time appointed for the acknowledgment of sheriff's deeds; if objection be made to the acknowledgment, the prothonotary shall note the same on the minutes and by whom made; but the objection shall be deemed dismissed unless within five days after the same is made exceptions, verified by affidavit as to matters not of record, are filed." On April 20th the defend-

ant presented a petition to set aside the said sheriff's sale and a rule was granted. On May 12th an answer to the rule was filed. On May 25th, the day of the argument, the special replication by the defendant was filed as to the 8th, 16th and 20th paragraphs of the answer. On the same day exceptions were filed by the defendant to the said sale. The plaintiff contends that these exceptions ought not to be considered because they were not filed in time under the rule of court. To this may be added, the exceptions are not verified by affidavit, although the petition was so verified. The practice in this case is not to be taken as a precedent, but we think it would be inequitable to construe the rule of court strictly, as the petition itself contains all the matters set forth in the exceptions with the exception of the 9th exception, which is the only one with reference to inadequacy of price. As the questions involved are important, we shall decide the matter without further reference to the above practice, but it is manifest that whether we consider the petition, answer and special replication or the exceptions, that the burden is on the defendant to establish the matters complained of where they involve matters of fact. No depositions were taken. The defendant offered the whole record, including the sheriff's advertisement, and relied on it. The defendant's main contention is that the sale was irregular and void. Its 1st, 4th, 5th, 6th, 7th and 8th exceptions refer to the procedure under which the property was sold. The record shows that first an ordinary *fi. fa.* was issued. The sheriff returned as follows: "Elmer H. Spengler, Sheriff of Northampton County, deposes and says that on Dec. 23, 1924, he went to the principal office of the Blue Ridge Water Supply Co., the within named defendant, in the Borough of Walnutport, during the usual office hours of said corporation, and did then and there demand of Clayton Deibert, the treasurer of said defendant corporation, the amount of the within writ of execution with legal costs and that the said amount was then and there not paid. The said Elmer H. Spengler, sheriff, further answers *nulla bona* as to the within defendant corporation." A special *fi. fa.* was then issued, and under that writ the property was sold. Section 72 of the Act of June 16, 1836, P. L. 774, provides how executions against corporations shall be levied, as follows, to wit: "I. The officer charged with the execution of such writ shall go to the banking houses or other principal office of such corporation, during the usual office hours, and demand of the president or other chief officer, cashier, treasurer, secretary, chief clerk or other officer having charge of such office the amount of such execution, with legal costs. II. If no person can be found on whom demand can be made as aforesaid, or if the amount of such execution be not forthwith paid in lawful money after demand as aforesaid, such officer shall seize personal property of such corporation sufficient to satisfy the debt, interest and costs as aforesaid. III. (This only applies to banking corporations.) IV. If no sufficient personal property be found, as aforesaid, such officer shall levy such execution upon the real estate of such corporation and thereupon proceed in the manner provided in other cases for the sale of land upon execution." The Act of April 7, 1870, P. L. 58, provides, in addition to the provisions of the Act of 1836: "And in lieu of the provisions or proceedings by sequestration under said act, plaintiff or assigns, in any judgment against any corporation not excepted by said act, may have execution *fieri facias* issued from the court wherein said judgment is entered, which shall command the sheriff or other officer to levy the sum of said judgment, with interest and costs of suit, of any personal, mixed or real property, franchises and rights of such corporation and thereupon proceed and sell the same, excepting lands held in fee, which latter shall be proceeded against and sold in the

manner provided in cases for the sale of real estate." This procedure early came before the Supreme Court. In Philadelphia and Baltimore Central R. R. Co.'s Appeal, 70 Pa. 355, the syllabus is: "The Act of April 7, 1870, authorizing executions against corporations, supplies the 72nd and 73rd sections of the Act of June 16, 1836, authorizing sequestration. The franchises and property of a corporation may be seized and sold out and out under a *fi. fa.*" In Mausel v. New York, Chicago & St. Louis Ry. Co., 171 Pa. 606, the syllabus is: "The special *fieri facias* allowed by the Act of April 7, 1870, P. L. 58, on which corporate property may be sold, is a substitute for the writ of sequestration provided by section 73 of the Act of June 16, 1836, P. L. 755, and compliance with the conditions precedent to the issuance of the latter is necessary to authorize the former. If the special *fieri facias* be issued without a demand having been first made upon the officers of the corporation and without a levy having been made upon the personal property of the company, the writ will be stayed." See, also, Bayard's Appeal, 72 Pa. 453, and Smith v. Altoona & Philipsburg Connecting R. R. Co., 182 Pa. 139. Testing the present proceeding by those authorities, we are unable to see any defect in the record. Everything seems to have been done in accordance with the statute. However, the defendant claims in the 6th exception: "That the sheriff at said sale sold land held in fee not a component part of the plant of the defendant company without proceeding under the provisions of the Act of 1836." He refers especially to the description of the fifth parcel, which is described as being a piece of woodland. That description shows that the parcel is bounded by other land of the defendant company. Both the præcipe for the special *fi. fa.* and the sheriff's advertisement except lands held in fee, but in the præcipe the sheriff is directed to sell the five parcels. In Greensburg Fuel Co. et al. v. Irwin Natural Gas Co., 162 Pa. 78, the syllabus is: "The exception in the Act of April 7, 1870, P. L. 58, is limited to the land which the corporation holds in fee and which is not dedicated to corporate purposes or essential to the exercise of the corporate franchises. It was the purpose of the act to allow the creditors of the corporation to sell its franchises and property dedicated and essential to the purposes for which it was chartered and not to disintegrate such property and thus defeat such purposes and prevent the performance of the duties which the corporation owes to the public." In Bell et al. v. Wood & Co., 181 Pa. 175, the syllabus is: "The land which is a component part of the plant of an incorporated water company and necessary to the enjoyment of the corporate franchises may be sold on the special writ of *fieri facias* provided by the Act of April 7, 1870, P. L. 58." The general subject is also treated of in Guest et al. v. Merion Water Co., 142 Pa. 610; Reynolds v. Reynolds Lumber Co., 169 Pa. 626; Johnson Co. v. Miller, 174 Pa. 605, and Margo v. Pennsylvania R. R. Co., 213 Pa. 468. From a consideration of these opinions, we are unable to hold that there is anything in the present case which substantiates the contention that the lands sold were excepted by the act of assembly. The presumption always is that the sheriff performs his duty. If his return were false with respect to the first *fi. fa.*, he would be individually liable. The same presumption applies in the case of the present sale; that what he sold is a component part of the corporate property. The third exception is: "That the advertisements or notices of sale were insufficient, in that they did not set forth the improvements on the premises or of what the improvements consisted." The sheriff's advertisement is entitled: "Sheriff's Sale of Valuable Property, Franchises and Rights of a Water Company." That title was referred to as being of weight in Depuy v. Highfield, 19 Lacka. Jurist, 230. In the body of the advertisement

it is expressed as being "All the real, personal or mixed property, franchises and rights of the Blue Ridge Water Supply Co., a corporation (excepting lands held in fee), including all those certain five tracts or pieces of land situated in Lehigh Township, County of Northampton, State of Pennsylvania, described as follows, to wit:" and then follows a description of the real estate, and the advertisement concludes: "The said sale to divest said defendant, The Blue Ridge Water Supply Company, of all interest in the said property, franchises and rights; the purchaser or purchasers thereof to take the same clear of all encumbrances, excepting any mortgage or mortgages which may legally exist at the time of levy thereupon, the lien of which shall not be affected in any manner by said sale." The advertisement would have been fuller if mention had been made of the company's pipe-lines and of its reservoir, but we must bear in mind that the proposed sale was of a small water company. It had no pumping station and it supplied the Borough of Walnutport with water. We tried the Best case and have a distinct recollection of the general character of this plant, and we think that, under all the circumstances, the advertisement was sufficiently explicit. The second exception is: "That the sheriff's sale was not advertised according to law, in that the posters and advertisements [were not posted] on the premises and in the vicinity of the property proposed to be sold until the 7th day of April, 1925." The answer filed denies that the sheriff did not post hand-bills sufficient to give notice of the day and hour and place where the sale would be held, but it admits that no hand-bills were posted on the premises of the defendant company prior to April 7, 1925, and avers that that was immaterial. The 62nd section of the Act of June 16, 1836, P. L. 772, Purdon, page 1568, provides: "But before any sale of real estate shall be made as aforesaid, the officer shall cause so many written or printed hand-bills to be made, upon parchment or good paper, as the debtor or defendant shall reasonably request, or so many, without such request, as may be sufficient to give notice of such sale, and of the day and hour when, and the place where, the same will be, and what lands or tenements are to be sold, and the place where they lie, which notice shall be given to the defendant; and one of the said papers or parchments shall be fixed by the sheriff or other officer upon the premises, and the others of them in the most public places of the county or city, at least ten days before such sale." The Act of July 22, 1919, P. L. 1089, provides: "That the notice required to be given by the sheriffs of the several counties of this Commonwealth of all judicial sales of real estate under any writ, process, order, or decree of court, shall be by printed hand-bills, briefly describing the property to be sold, its location, and the improvements, if any, the writ, process, order, or decree of court on which said sale is being had, together with the name or names of the owners or reputed owners of the land to be sold, the time when, and the place where. Such number of said hand-bills shall be posted as shall be designated by special or standing rule or order of court of the county out of which the writ, process, order, or decree of court issued." That act contains a repealing clause as follows: "That all acts and parts of acts, general, local or special, inconsistent herewith be and the same are hereby repealed." After the latter act was passed, this court adopted Court Rule 223*a*, as follows: "The notice required to be given by the sheriff of this county of all judicial sales of real estate under any writ, process, order, or decree of court, shall be by at least ten hand-bills, one of which shall be posted upon the premises to be sold, and one in the sheriff's office, and the others in the most public places of the city, borough or township where the premises are located, said hand-bills to be in accordance with the provisions of the Act

of the 22nd day of July, 1919, entitled 'An act regulating the advertising of the sales of real estate by the sheriffs in the several counties of this Commonwealth,' &c." The learned counsel for the plaintiff contend that the Act of 1836, above quoted, is totally repealed by the Act of 1919, and that there is nothing in the Act of 1919 or in the rule of court which requires a notice to be posted on the premises ten days before the sale. Whether the court would have power under the Act of 1919 to frame a rule of court which would change the requirement of the Act of 1836 as to the time of posting hand-bills is a serious question. The phraseology of the Act of 1919 is, "such number of hand-bills shall be posted as shall be designated," &c., and it is entirely blank as to time. While it is not necessary, in the view we take of this case, to decide the matter, we are of opinion that hand-bills should be posted for the term prescribed by the Act of 1836, and we doubt whether our colleagues would consent to any lessening of the time. No decision of the Supreme Court has been cited to us by the learned counsel for either the plaintiff or the defendant that flatly rules this question of neglect to post hand-bills for ten days. In 2 Troubat & Haly's Practice (6th ed.), § 254, page 1735, it is said: "If the sheriff has omitted to fix one of the hand-bills on the premises ten clear days before the sale, it will be set aside," and in support thereof there is cited an unreported case, "Rinehart v. Tiernan, District Court of Philadelphia, December, 1836." That case was decided immediately after the passage of the Act of 1836. Brown v. Lodge, 1 W. N. C. 443, is meagrely reported. The uncontradicted testimony was that there was no posting at all. Depuy v. Highfield, supra, was decided on the inadequacy of price obtained. In Wells & Smith v. McCarragher, 1 Kulp, 91, the defendant swore that she had no notice at all of the sale. In Groom v. Overbeck, 2 W. N. C. 272, the court attached great importance to the testimony that the bill had been posted on the premises between 10 o'clock and midnight, when it was raining and blowing. The court said: "The fact that interested parties living upon the premises did not see the bill cannot affect this (posting), for it might easily have been torn down." In Pennsylvania Co. v. Conrad, 2 W. N. C. 476, the sheriff's officer placed the bill on the ground with a stone on top of it. Biddle, J., said: "The sheriff cannot be expected to put up a post on the property." Allison, P. J., said: "The question is whether the sheriff made such reasonable posting as the circumstances of the case require." The rule was discharged. In Wilcocks v. Dows, 2 W. N. C. 611, the terre-tenant and two of her boarders swore that no notice was posted. The sheriff's bill poster swore that he posted the bill "between the windows." The rule was discharged. In Jones v. Vail, 5 Lacka. Jurist, 257, Aug. 8, 1904, the court held that "the requirements of the law as to advertising and giving notice of sheriff's sales are merely directory, and the validity of a sale does not depend upon strict compliance with them, and refused to set aside the sheriff's sale at the instance of a tenant by the curtesy initiate, who did not allege that a resale would be a benefit to any one, where the publication in the newspaper was such as required by law, except that notice of the sale in the local legal journal was not given the required number of times." In Norristown Trust Co. v. Haenni, 21 Montg. Co. Law Repr. 138, it was decided that if bills were properly posted by the sheriff, but removed by a storm, the sale will not on that account be set aside, in the absence of evidence that any person neglected to attend the sale for want of notice. In Kern v. Murphy et al., 2 Miles, 157, decided shortly after the passage of the Act of 1836, Judge Stroud said: "In relation to the posting of a bill on the property, it has by a recent act of assembly received legislative sanction and cannot be dispensed with, but at the time when this court was

in the habit of exacting its performance, it was unquestionably *a trespass*, a violation of the defendant's rights of property, and an outrage upon his feelings and the feelings of his family. That it was then and is now wholly useless as well as offensive is shown by the removal or defacement of the obnoxious placard, in most instances, as soon as discovered." This latter tendency to tear down sheriff's hand-bills on the premises still exists, and if the Act of 1836 is to be strictly enforced, it would be perfectly logical to hold not only that the bill should be posted ten days before the sale on the premises, but the sheriff should be charged to see that it is kept up irrespective of that tendency to tear it down, and irrespective of the fact that wind and storm would blow it off. No court would impose such a requirement on the sheriff. As was said in the Lackawanna County case, cited above, statutes regarding notice are generally construed as being merely directory, and a failure to give notice prescribed by law, or a defect therein, will not invalidate the sale where the defendant knew of the sale and attended the sale, as was the present case. Unless he can show by competent proof that the alleged failure to give notice worked to his disadvantage, it must always be borne in mind that the purchaser at a sheriff's sale acquires certain *rights*. In the leading case, Young's Appeal, 2 P. & W. 380, Mr. Justice Ross said: "The *bona fide* purchaser at a public sale of land, the moment it is knocked off to him, if he complies in all respects with the conditions of sale, instantly acquires a vested right to the property sold. Such a purchaser would be bound by his bargain thus made, although his bid greatly exceeded its value. And if he purchase at a *bona fide* sale greatly below the value, the vendor would be bound by the sale. *Equality* in this case at least is *equity*. The vendee certainly should have the advantage of a purchase at a price below the value, when he is bound by a purchase at a price greatly exceeding the true value: 2 Cent. Repr. 821, 835. In order to set aside a sheriff's sale, there must be satisfactory evidence of fraud or abuse of power in the sheriff: Wood v. Monell et al., 1 Johns. Chan. Rep. 502." See, also, Stroup v. Raymond, 183 Pa. 279. From these various considerations it plainly appears that the setting aside of a sheriff's sale is a matter for the exercise of the court's discretion. The title of the purchaser will not be affected after the confirmation of the sheriff's deed by any defects in advertising. An excellent opinion on the subject of the court's discretion is found in Laird's Appeal, 2 Pa. Superior Ct. 300. The syllabus is as follows: "Prior to the Act of May 9, 1889, P. L. 158, no appeal was allowed from an order of court setting aside or refusing to set aside a sheriff's sale. The Act of May 9, 1889, which provided that every appellate proceeding should be called an appeal, did not extend the right of review or change its extent or modify in any way its exercise. The matter of setting aside sheriff's sales belongs to the class in which the courts exercise discretionary power. The appellate court will not presume that the court below acted arbitrarily and without proper proof of the facts on which to base its action. Where the court acts on extrinsic evidence, the presumption is that everything was done rightfully and according to law." That statement has been approved of by the Supreme Court in the following cases, and the features which should move the court are referred to at length in them: In Ritter v. Getz, 161 Pa. 648, the Supreme Court said: "The application to set the sale aside was made immediately after the sale and before the acknowledgment of any deed. The price was grossly inadequate, and the court was at liberty to seize upon any other circumstance in order to give relief. We do not review the action of the lower courts in setting aside sheriff's sales except in extreme cases, and this is not one of them."

Best v. Blue Ridge Water Supply Company.

In Snyder v. Snyder, 244 Pa. 331, the syllabus is: "The setting aside or refusing to set aside a sheriff's sale is in the sound discretion of the court, and unless there is gross and manifest abuse of that discretion, its decree will not be disturbed on appeal." In the opinion, on page 335, Mr. Justice Moschzisker said: "It is to be noted that while the petitioner made a vague general averment concerning his notion of the value of the property, yet he neither tendered a price above the bid nor offered to secure a purchaser at a higher figure; nor did he proffer a bond in the usual form to guarantee a better bid. His only proposal was to pay the appellee what the property would cost him." In Home Buyers' B. & L. Ass'n v. Peterman, 253 Pa. 418, the Supreme Court affirmed the lower court in a per cur. The lower court said: "The dimensions of the lot are correct, the property is a corner property, so that the garage was visible to any one inspecting it, and no allegation appears in the petition that any buyers were deterred from bidding, and the person who makes the objection does not allege that she had no knowledge of the sale, and there is no offer on the part of the petitioner, either individually or as trustee, to make any bid at a sale. In the case of Louser v. Light, 202 Pa. 582, it was held that even where there was a misdescription, the sale should not be set aside where the exceptant offered to make a bid at a new sale, and the plaintiff was willing to allow a credit on the judgment based upon a bid in excess of the bid which the exceptant offered to make." In Watkins v. Justice, 256 Pa. 37, the lower court refused to set aside the sale. Mr. Justice Frazer, on pages 41 and 42, gives the figures showing the liens on the property, and sums them up by saying: "Assuming appellant on a resale should bid the amount of $86,000, that sum is insufficient to cover the first and second mortgages held by the use-plaintiff and no advantage would result to appellant from such resale." In Donley v. Semans, 260 Pa. 88, the syllabus is: "Exceptions to a sheriff's sale, complaining that notice of the sale was not given to defendant as required by the Act of Jan. 12, 1705, § 4, 1 Sm. Laws, 57, are without merit, where it appears that the defendant had actual notice, was represented at the sale by an attorney of record, and where it does not appear how further notice could have added to the defendant's information on the subject or have conferred on him additional advantage." In Somerville v. Hill, 260 Pa. 477, after discussing the facts of the case, Mr. Justice Frazer said: "A discussion at length of the irregularity in the sale by reason of the announcement that the premises would not be sold, and the subsequent sale thereof, becomes unnecessary, as it does not appear appellant was harmed thereby. The evidence offered to show that, following the announcement of a postponement of the sale by the sheriff, intending bidders left the room, is not convincing. Furthermore, appellant makes no offer to bid or secure a purchaser at a higher price, merely averring he is informed and believes that upon a resale the property would bring approximately $8000. This is not enough: Snyder v. Snyder, 244 Pa. 331. Appellant not only failed to establish to the satisfaction of the court below that he possessed sufficient interest to enable him to intervene, but also failed to produce sufficient evidence of a material misdescription and an irregularity resulting in the sale of the property at a less price than would otherwise have been obtained. We can find no such error in the record as would justify a reversal." The practice of this court has always been to require a bond to be given where sales are set aside. See Miller's Estate, 12 Northamp. Co. Repr. 124, and Strock v. Grosscup et al., 15 Northamp. Co. Repr. 134. Some of the courts require petitioner to pay the costs of the sheriff's sale, including the costs of the advertising. As we said above, in the present case there is

Best *v.* Blue Ridge Water Supply Company.

nothing except the ninth exception which bears on inadequacy of price. That exception is: "That by reason of the premises, the price realized was inadequate and less than could have been realized under a sale lawfully proceeded with and advertised according to law." That is not sufficient, and there is no offer to give a bond with a condition that a higher price will be obtained at a subsequent sale; nor, in view of the allegations of the answer, which are not covered by the replication, can we discover that any real harm will be done to the defendant by allowing the sale to stand. The thirteenth paragraph of the answer sets forth that the judgments against this property were $14,750. The interest thereon was $932.43 and the sheriff's costs $1733.66. The fifteenth paragraph sets forth that there was a prior mortgage on the property of $12,400. The eighteenth paragraph sets forth that another party had bid $5000 at the sale. The petition sets forth that the purchasers paid $6000. The sixteenth paragraph of the answer sets forth that the amount of the mortgage and judgments exceeds the value of the property, franchises and rights. That allegation is, however, denied in the replication, but the amount of the indebtedness and the amounts bid are not denied. The facts set forth in the answer, when not traversed, are taken to be true: German *v.* Conover, 240 Pa. 11. Section 200 of our Court Rules is similar to the court rule in that case. After carefully considering the merits of this case, we believe that the purchasers are entitled to have a deed for this property.

And now, June 8, 1925, rule to show cause why sheriff's sale should not be set aside is discharged and exceptions by the defendant to the sheriff's sale are dismissed.

From Henry D. Maxwell, Easton, Pa.