## Oppenheimer v. Bland

*D. J. Ferguson* and *J. W. P. Burke*, for plaintiff.

*M. V. McGuire*, for defendants.

DALTON, J., December 10, 1956.—The allegations of the complaint are in substance as follows. Plaintiff, Morris Oppenheimer, and Nathan Sweet were equal copartners in the ownership and operation of the Capitol Theatre in Shenandoah. Nathan Sweet died testate on December 31, 1955, and defendant, Louis Cohen, is the executor of his estate. The death of Sweet resulted in a dissolution of the partnership and there was no prior or supplemental agreement whereby the business of the partnership was to continue. Plaintiff has provided the deceased partner's estate with a statement of the assets, liabilities and capital accounts of the partnership as of the date of decedent's death but has been unable to effectuate an "amicable dissolution". The partnership is heavily indebted on account of several mortgages and other loans and ob-

ligations in excess of $80,000. Plaintiff is unable to meet the demands of the creditors from his individual resources and the estate of the deceased partner is also unable to meet them. The creditors are demanding that the partnership affairs be wound up and that its debts be paid in full. Plaintiff avers that unless prompt action is taken to conserve the assets of the partnership and "to orderly liquidate the obligations thereof", the creditors may find it necessary to force or compel a sale of the partnership assets to the disadvantage and financial loss of plaintiff and the estate of the deceased partner.

The prayer for relief is for the appointment of a receiver of the partnership assets "whose duty it shall be to continue the operation of the business and conserve the assets for the purpose of reporting and accounting" to the court.

On the same day on which the complaint was filed, October 2, 1956, plaintiff obtained an ex parte order appointing one Max Abrams as temporary receiver. The appointment was made without notice to defendants and without bond or other security being posted.

The aforesaid order also included a rule upon defendants to show cause why the appointment of the receiver should not continue and why a "dissolution" of the partnership should not be decreed "upon final accounting made by such receiver".

Defendants have filed preliminary objections to the complaint, which are now before us for disposition.

It is very clear that the appointment of a temporary receiver was improperly made. Under Pa. R. C. P. 1533(a), a temporary receiver may not be appointed unless plaintiff files a bond or deposits legal tender in an amount fixed by the court. Since no bond or other security was given, the appointment was improvidently made and must be vacated.

Defendants further object that the complaint was not endorsed with notice to plead. Under the present Rules of Civil Procedure there is no *mandatory* requirement that a complaint or other pleading be endorsed with notice to plead. The only effects of failure to endorse a complaint with notice to plead are that defendant is not required to file an answer (Pa. R. C. P. 1026), the averments of the complaint are automatically deemed to be denied (Pa. R. C. P. 1029(*d*)), and no default judgment can be entered: Pa. R. C. P. 1037(*b*). See Phillips v. Evans, 164 Pa. Superior Ct. 410, 412; Goodrich-Amram Civ. Pract., §1025-1.

It is further objected that the prayer for the appointment of a receiver should not have been included in the complaint but should have been made by an ancillary petition. There is no merit in that objection. "Any pleading demanding relief shall specify the relief to which the party deems himself entitled": Pa. R. C. P. 1021.

The remaining objections are that the complaint fails to state a cause of action for a decree of dissolution and that plaintiff has an adequate remedy at law.

The complaint certainly cannot be sustained as a bill for dissolution, as plaintiff contends. Dissolution took place by operation of law upon the death of the other partner. There is nothing left for a judicial decree of dissolution to operate upon. All that remains is the process of winding up the partnership affairs.

The plaintiff points to section 37 of the Uniform Partnership Act of March 26, 1915, P. L. 18, 59 PS §99, which authorizes the surviving partner to wind up the partnership affairs and which further provides that "any partner . . . upon cause shown, may obtain winding up by the court". We have no doubt that the authority conferred on the court by section 37 is suffi-

ciently broad to embrace the appointment of a *liquidating* receiver in a proper case. But the difficulty standing in plaintiff's road is that the only thing he has asked for in the complaint is a receiver "whose duty it shall be to continue the operation of the business and conserve the assets for the purpose of reporting and accounting" to the court. And the only reason for asking for the appointment is to stave off creditors of the partnership.

We know of no case which holds that a court of equity has power to appoint a receiver, *on the application of a partner*, where the only effect of the appointment would be to hinder and delay creditors from proceeding against the assets of the partnership. Even in the case of a corporation, a receiver will not be appointed, on the application of a stockholder, where the only purpose and effect of the appointment is to delay creditors: Bell v. R. D. Wood & Co., 181 Pa. 175, 181; Blum Bros. v. Girard Nat. Bank, 248 Pa. 148, 155-156.

Furthermore, the court could not empower a receiver *to continue the business* of a dissolved partnership, without the consent of all parties in interest. That would be giving the receiver greater powers than the surviving partner himself.

As was said in Froess v. Froess, 284 Pa. 369, 373-374:

". . . After the death, it became the duty of the survivor to settle the partnership affairs, and all authority on his part ceased, except such as was necessary for the winding up of the business, or completing transactions then begun, but not yet finished (Partnership Act, section 33). Of course, an agreement to continue the firm may be made by the parties interested, and thus new liabilities be assumed. . . . But to so bind, the purpose to authorize a further carrying on must clearly appear. . . ."

The function of a liquidating receiver is to liquidate; not to continue the business. As was said in Wood v. Wood, 312 Pa. 374, 380: ". . . the partnership authority of the liquidating partner (or the receivers) is restricted by the necessities of liquidation."

We are of opinion that the complaint, as presently framed, is not sufficient to warrant the intervention of a court of equity.

And now, December 10, 1956, the order heretofore made on October 2, 1956, appointing a receiver is forthwith vacated and the rule to show cause granted in connection with said order is discharged. The third, fifth and sixth preliminary objections are sustained and plaintiff is allowed 20 days from this date to file an amended complaint, if he so desires.

And now, December 10, 1956, an exception is allowed plaintiff and bill sealed.