The SCHUYLKILL NAVIGATION COMPANY *v.* The COMMIS-
SIONERS OF BERKS COUNTY.

A house, erected as a toll-house by an incorporated canal company, and so built as to be occupied not merely as the collector's office, but as his family residence, is, notwithstanding the fact of its being the residence of the collector and a building of some pretensions, a constituent part of the canal, and cannot be assessed for taxation under the acts of 1834 and 1844.

ERROR to the Common Pleas of Berks.

*June* 22. This was a case stated in the court below, in which the commissioners were the plaintiffs, and the company was the defendant. The case was presented in these terms:—

"The assessor of South-West Ward, in the borough, now city, of Reading, has returned for taxation for state and county levies, as the property of the defendant, at the valuation of $9,000, two contiguous three-story brick houses with back buildings to each, and about two acres of ground appurtenant; one of the said houses is occupied by Samuel Griscom, the superintendent of said canal, and the other occupied by Richard Wilkins, the collector of tolls for the said company—each of the said named persons having their respective offices and families in the said buildings. These buildings are situated on Front street, the ground running back on the said canal, and between Franklin and Chesnut streets, in the said city. At the locks above, immediately on the canal, and about 300 or 400 feet north of those two houses, the company have a two-storied stone house occupied by the lock-tender, at the foot of Franklin street.

"The question for the decision of the court is, whether those three-storied houses, occupied by the superintendent and collector of the said company, or either of them, with their appurtenances, are liable to taxation for county and state purposes, under the several acts of Assembly of this Commonwealth, for that purpose. If the court should be of opinion that they, or either of them, are so liable, then judgment to be entered for the plaintiffs; and if not, then judgment to be entered for the defendant, with costs."

The court below gave judgment for the plaintiffs. In this court the following errors were assigned:—

1. The court erred in rendering judgment, that the property set out in the case stated was subject to taxation, and in rendering judgment generally for the plaintiffs.

2. The court erred in deciding that any part of the property set out in the case stated was subject to taxation, and in rendering judgment for the plaintiffs.

*Banks*, for the plaintiff in error.—The bed, berm-bank, and tow-path of an incorporated canal, are not taxable as land or real estate, under the acts of 18th April, 1834, and 29th April, 1844.

Nor are the toll-houses and collector's offices belonging to the canal, and incident thereto : Turnpike Co. *v.* Stoever, 6 W. & S. 380; Lehigh Nav. Co. *v.* Northampton county, 8 W. & S. 334.

The Permanent Bridge over the Schuylkill is not taxable under the act of the 11th April, 1799, for raising county rates and levies : 13 S. & R. 422.   The case in 8 W. & S. 334, is reaffirmed in Railroad Company *v.* Berks County, 6 Barr, 74–5.

*Filbert*, contrà.—We rely upon § 32, act of 29th April, 1844, P. L. page 497, by which houses and lands, not exempt by law from taxation, are made taxable for all state and county purposes.   Act of 8th April, 1833, P. L., page 352, § 3; act of 3d July, 1839, shows that these houses are not exempt.   The case in 8 W. & S. 334, is irreconcilable with the case in 6 Barr, 74, and indeed with the act of 1844.   The principle decided in 13 S. & R. 422, is exploded.   The doctrine that, unless property is described specifically, the legislature did not intend to tax it, must give way to the express direction of the act, that houses and lands shall be taxed except they be exempt by law : Providence Bank *v.* Billings & Pitman, 4 Peters, 514.

The case of Shitz *v.* Berks County, 6 Barr, 80, shows that this court considers *persons* who refuses to pay taxes for the payment of interest on the public debt, dishonest and foolish.   That grave condemnation, we trust, will be extended to *corporations.*

The opinion of this court was delivered by

ROGERS, J.—The bed, berm-bank, tow-paths, toll-houses, and collector's offices, the constituent parts of an incorporated canal, and incident thereto, cannot, as is ruled, be assessed as real estate, under the acts of the 15th April, 1834, and the 29th April, 1844. This was decided a short time after the passage of the latter act, and after full consideration, in the case of the Lehigh Coal and Navigation Co. *v.* Northampton County, 8 W. & S. 336, reaffirmed in the Railroad Company *v.* Berks County, 6 Barr, 70, and has been acquiesced in by the legislature, as the proper construction of the acts ever since.   In view of these repeated recognitions, we do not feel ourselves at liberty, even if we were so inclined, to depart from a rule of construction so firmly established.   As regards the toll-house erected for the accommodation of the collector, we see nothing to distinguish it from the cases already ruled.   It makes no difference in principle, that the building erected as a toll-house be occupied

by the family of the collector; that it is distant a short space from the banks of the canal; that it is three stories high, with a small quantity of ground appurtenant; and that it is valued at a sum which some may consider an extravagant price. It is nevertheless a constituent part of the canal, necessarily incident thereto, within the meaning of the decisions already cited. It is part of the case that the collector's office and the family are under the same roof; a plan doubtless intended for the better accommodation of the officers, and the more convenient operations of the company. That which is necessarily appurtenant to the canal may be safely left to the judgment of the managers, who are, it is to be presumed, best acquainted with what may be indispensable for the successful prosecution of the work. If the liability to taxation depended on the size and dimensions of the building, the cost of the structure, or the quantity of ground attached, there would be no certainty in the assessment. In those particulars a great diversity of opinion would necessarily exist. What one assessor would esteem a judicious exercise of the discretion vested in the managers, another would think, perhaps, with very little reason, an abuse of the privileges of the charter. The law wisely proceeds on certain fixed and unvarying rules, leaving as little to the discretion of the assessor as to the objects of taxation as possible; thereby attaining, as far as may be, uniformity in the assessments throughout the Commonwealth. That a building of some sort is required by the toll-gatherer cannot be doubted; and we can readily perceive the benefit to the company, as well as the accommodation of the public, which will arise from the residence of the officer, with his family, within a convenient distance from the canal; for he, or some member of his family, may be required to attend at all times of the day and night. The duties of the officer demand constant attention and vigilance, of which the company and the public ought not to be deprived from a misplaced economy. It certainly ought not to excite any unkind feelings on the part of the good citizens of Berks, that the managers have thought it right to provide their collector of tolls, who ought to be selected for his integrity and intelligence, with a decent residence for himself and family, more especially as it promotes the convenience and accommodation of persons doing business on the canal.

The defendant in error is compelled to admit that the bed of the canal and the berm-bank are exempt from taxation; but it is contended that the house in which the office of the collector is kept, and in which his family reside, is not. The argument is, as I understand it, that all buildings, lands, &c., are taxable unless expressly exempted; as, for example, churches, grave-yards, and

other real estate excepted by special acts of legislature. The words relied on are "Houses and lands and all the real estate not exempt by law from taxation shall be valued and assessed, and subject to taxation for the purposes in the act mentioned, for all state and county purposes whatever: Act 8th April, 1833, P. L. 352. The argument is not new; it was urged before, and did not escape the attention of the court; but what is a satisfactory answer to it, is, it proves too much; for, if the reasoning be worth anything, the counsel was wrong in admitting, and the court erred in deciding, that the bed of the canal and the berm-bank were not liable, for neither, as must be admitted, are expressly saved from the operation of either act. The defendant in error's case depends on the arbitrary insertion of a word not used by the legislature. The construction of the act was a question of legislative intention. No person was ever so absurd as to suppose that a canal, passing through several counties, was the subject of taxation for county purposes. This was conceded, and as the canal itself was not liable to assessment as a whole, it was thought that a component part came within the same category: that the incident followed the principal; that part was of the same nature with the whole. Besides, that there was no design to tax canals under the general denomination of lands, houses, and other real estate, also appears from this: that they are not classed as real estate, but are treated by the legislature as a species of personal property. They are not taxed as real estate, but their corporate franchise, the canal itself or the dividends, are taxed or may be by the Commonwealth, and, moreover, the dividends of the respective shareholders may in the shape of income be again taxed, not only for state but county purposes. It is therefore not altogether correct that they escape burthens which other citizens are compelled to bear. The defendant in error cannot justly complain that we apply the same rule to Berks, which has heretofore been applied to Northampton county; nor is it right that the Schuylkill Navigation Company should be assessed, and, under similar circumstances, the Lehigh Coal and Navigation Company be exempted from taxation altogether. Justice requires that the same rule be extended to all.

As the counsel for the plaintiff in error agrees the house occupied by the superintendent may be assessed, this opinion must be understood as extending only to the building occupied by the collector of tolls. The court was wrong in entering judgment generally for the plaintiff. So far as respects that, the judgment is reversed; but is affirmed as to the residue.