## UNITED STATES v. ONE STRADIVARIUS VIOLIN.

(District Court, S. D. New York. May 8, 1911.)

Customs Duties (§ 133*)—Wrongful Importation—Forfeiture—Limitation—"Concealment."

H., in January 1906, purchased a violin in London, to be delivered in New York or Boston free of all expense. It was delivered shortly thereafter without duty being paid thereon. H. thereafter habitually kept it in his drawing-room where it was used, displayed and admired by various artists at Sunday afternoon concerts held by H. It was never absent but always present in the house of H., though the revenue officers acquired no information concerning its wrongful importation until July, 1910. *Held*, that such lack of information by government officers, and the fact that H. knew or had reason to believe the instrument had been imported without paying duty, did not constitute "concealment" so as to bar limitations prescribed by Act Cong. June 22, 1874, c. 391, § 22, 18 Stat. 190 (U. S. Comp. St. 1901, p. 2023), requiring an action to forfeit merchandise unlawfully imported, within three years, provided that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time of the absence from the United States or concealment of property shall not be a part of the period of limitation.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 133.*

For other definitions, see Words and Phrases, vol. 2, pp. 1377–1384.]

Information by the United States against one Stradivarius violin. On claimant's demurrer to information. Sustained.

Henry A. Wise, U. S. Atty., and Addison S. Pratt and Carl E. Whitney, Asst. U. S. Attys.

Parsons, Closson & McIlvaine (H. B. Closson, of counsel), for claimants.

HOLT, District Judge. This is an information filed to obtain the forfeiture of a violin on the ground that it was imported into this country without payment of the duty. The violin was made by the great violin maker Antonio Stradivari early in the eighteenth century. It was at one time owned by Kiesewetter, a celebrated player, and is known as the Kiesewetter Stradivarius. It was purchased in January, 1906, by Mr. Henry O. Havemeyer from George Hart, of Hart & Son, violin dealers in London, for £1,550, to be delivered in New York or Boston, free of all expense whatever. The collector, having received information about July, 1910, that the violin had been brought into this country without payment of duty, seized the violin as forfeited upon that ground, in August, 1910. The substantial question in this case is whether the suit is barred by the statute of limitations. It is conceded by the counsel in the case that section 22 of the act of June 22, 1874, c. 391, 18 Stat. 190 (U. S. Comp. St. 1901, p. 2023), is the statute which applies. That statute is as follows:

"That no suit or action to recover any pecuniary penalty or forfeiture to property accruing under the Customs Revenue Laws of the United States shall be instituted unless such suit or action shall be commenced within three years after the time when such penalty or forfeiture shall have accrued; provided, that the time of the absence from the United States of the person subject to such penalty or forfeiture, or of any concealment or absence of the property, shall not be reckoned within this period of limitation."

This action was not commenced within three years of the time the penalty of forfeiture accrued, and the sole question, therefore, in this case is whether there was any concealment or absence of the property within the meaning of the act, which would prevent the application of the statute. The government claims that there is evidence tending to show that Mr. Havemeyer knew or had reason to believe that the violin was imported without the payment of duty. I think the evidence is insufficient to establish such claim; but the question is immaterial, because, if the defense of the statute of limitations is valid, it is immaterial whether he knew or suspected that the duty had not been paid.

The evidence shows that the violin in question is one of unusual celebrity; that after Mr. Havemeyer purchased it he kept it habitually in his drawing-room; that he was accustomed to give musical

parties at his residence on Sunday afternoons, at which large numbers of persons were usually present; that on such occasions the violin was frequently examined and was generally an object of interest to musicians as a famous specimen of a great violin maker's art. It was on one occasion played on at a public concert, and it was habitually played on by different artists at Mr. Havemeyer's Sunday afternoon musical parties. Not only is there no evidence of any concealment or absence of the property, but the evidence shows that it was always kept in Mr. Havemeyer's drawing-room, and was shown to and known by musicians and all people interested in music, to an unusual extent.

Counsel for the government argues that, as the collector did not know that it had been imported without the payment of duty until the summer of 1910, it was concealed during that period within the meaning of the statute. But it seems to me that this suggestion is entirely untenable. This violin was never absent; it was always present at the owner's house. It was never concealed. A concealment of property implies some active intention on the part of somebody to secrete it. If the government's contention in this case is sound, any purchaser of property which had been imported, having no knowledge or ground for suspicion that there had been any violation of the customs laws in its importation, would be liable to have the property seized 20 or 30 years after its purchase. I think that the statute of limitations is a complete bar to this suit, and I direct a verdict for the claimants, dismissing the information on the merits.