## McNulty Bros. Co., Appellant, *v.* Pennsylvania R. R. Co. et al.

*Mechanic's lien—Railroad buildings—Office building—Freight station—Function of court and jury.*

1. Where a railroad company builds under one contract and at one time a freight station and an office building firmly fastened together with communicating doors and passages, and the primary purpose is a freight station with an office building for the convenience of the employees of the freight station, the building is one structure, and a mechanic's lien cannot be filed against a part of it.

2. Nor can a mechanic's lien be filed against the building as an entirety, where it appears that the building is necessary for the exercise of the corporate franchises of the railroad company.

3. The necessity is not an absolute but a reasonable necessity,— i. e., property which is reasonably necessary in carrying out the purposes of the public service corporation with the greatest facility and convenience to itself and the public.

4. The structure remains a railroad freight office building notwithstanding the fact that the first floor comprises store rooms, which, with their basements, are rented for business purposes.

5. Such building cannot be sold on a writ of levari facias.

6. Where the object of the structure and the uses made of it do not depend upon the credibility of witnesses, but upon all the evidence, oral and written, of both sides, and no controlling fact is in controversy, it is the duty of the court to pass upon the case, and not submit it to the jury.

Argued October 20, 1921.  Appeal, No. 193, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 1092, for defendant n. o. v., in case of McNulty Bros. Co. v. Pennsylvania R. R. Co. et al. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Scire facias sur mechanic's lien.  Before STONE, J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff.  Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Geo. H. Rankin,* for appellant.—The case was for the jury: Wilson v. R. R., 177 Pa. 503; Hyatt v. Johnston, 91 Pa. 196; Reel v. Elder, 62 Pa. 308; Lehigh C. & N. Co. v. Evans, 176 Pa. 28; Newman v. Romanelli, 244 Pa. 147; Lautner v. Kann, 184 Pa. 334; Anderson v. Rys., 251 Pa. 517; Lipsky v. Stolzer, 236 Pa. 151.

The building was a structure within the meaning of the mechanic's lien law: Munger v. Silsbee, 64 Pa. 454; Todd v. Gernert, 223 Pa. 103.

The building was not necessary and essential for the operation of the railroad: Plymouth R. R. v. Colwell, 39 Pa. 227; Shamokin Val. & P. R. R. v. Livermore, 47 Pa. 465; Del., L. & W. R. R. v. Tobyhanna Co., 232 Pa. 76; Robinson v. R. R., 161 Pa. 561; Este v. R. R., 27 Pa. Superior Ct. 521.

*James R. Miller,* of *Patterson, Crawford & Miller,* for appellee.—The undisputed evidence showed that a substantial portion of the so-called office building was and always had been occupied by the operating force of the whole freight station plant, and this appropriation and use determines the question of essentiality and necessity: Plymouth R. R. v. Colwell, 39 Pa. 337; Shamokin Val. R. R. v. Livermore, 47 Pa. 465; Foster v. Fowler, 60 Pa. 27.

There was no abuse of discretion on the part of the directors of the railroad as to the uses to which the building was to be put: Anspach v. R. R., 5 Phila. 491.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

In 1914 the defendant railroad company let a contract to J. E. & A. L. Pennock for the construction of a freight station and office building on the southeast corner of Federal and North Canal streets, Pittsburgh, and the plaintiff, McNulty Brothers Company, had a subcontract for the plastering. The contractors failed and plaintiff filed a mechanic's lien against the office building for work done and material furnished in its construction; this suit is a scire facias issued on said lien. The jury found for the plaintiff, but later the court in banc entered judgment for defendant n. o. v.; from which plaintiff brought this appeal.

The office building is three stories high above the basement and faces one hundred and ten feet on the east side of Federal Street and extends east forty feet on the south side of North Canal Street; while the freight station proper is attached to and extends from the office building about nine hundred feet along the south side of North Canal Street. Our first question is, did the court below err in holding the two parts constitute one building? This must be answered in the negative. They were built at one time, under one contract and for one primary purpose, to wit, a freight station. They are firmly fastened together, and, where they join, rest on the same columns and the same wall, with doors in the latter which afford inside passage ways from one to the other, and they are heated by a single plant, located in the freight station. The main purpose of the office building, so-called, was to afford convenient working rooms and accommodations for the freight agent, the chief clerk, the cashier and all other officers and clerical employees of the freight station, who number from forty to fifty-five and occupy the entire second

floor of the office building, and are without other adequate office accommodations. The second and third floors of the office building are partitioned into offices, while the first floor comprises six store rooms, which, with their respective basements, are rented for business purposes. The office building is slightly higher and presents a different and more pleasing external appearance than the freight station, but these facts do not render it a separate structure. Being one building, a mechanic's lien cannot be sustained against a part of it.

The next question is, Can a mechanic's lien be sustained against the office building considered as an entirety? This must also be answered in the negative. Such lien is valid only so far as it can be enforced (Foster v. Fowler, 60 Pa. 27; Vulcanite Paving Co. v. Rapid Transit Co., 220 Pa. 603, 608) and the only method of enforcement is by a sale of the property on a writ of levari facias: Guest v. Water Co., 142 Pa. 610, 615. But defendant railroad company is a public service corporation and no property reasonably necessary to the enjoyment and operation of its franchise can be sold on such writ: Margo v. Penna. R. R. (No. 2), 213 Pa. 468. In other words, the necessary property of such corporation cannot be sold away from it piecemeal, and "the necessity is not an absolute one; it is a reasonable necessity taking into consideration the character of the service rendered by the corporation" (Bell Tel. Co. Pa. v. Harrisburg, 53 Pa. Superior Ct. 458, 462); or, to quote the language of Judge EVANS in the case of another mechanic's lien filed against this entire freight station: "The expression, 'property essential to a public service corporation,' so frequently used by the court is not an absolute necessity, but a reasonable necessity. It is property which is reasonably necessary in carrying out the purposes of the public service corporation with the greatest facility and convenience to itself and the public": Wilis Mfg. Co. v. Penna. R. R. Co., 66 Pitts. L. J. 223. It must be property reasonably essential to

the exercise of the corporation's franchise: Reynolds v. Reynolds Lumber Co., 169 Pa. 626. It follows from the facts above stated that the office building, attached to the freight house, is reasonably necessary to the defendant in the exercise of its corporate franchise and, hence, not liable to a mechanic's lien. And it still remains a railroad freight office building notwithstanding the use made of the store rooms and basement; the same as a hotel retains its character as such although space therein is rented for business purposes. Where as here the main object and purpose of the building is one necessary to the exercise of the corporate franchise, it does not lose its character as such because space therein is put to other uses.

That a building necessary to a public service corporation cannot be made the subject of a mechanic's lien is well settled. For example, the power house of an electric street railway is not subject to a mechanic's lien (Vulcanite Paving Co. v. Phila. Rapid Transit Co., supra); nor are the necessary buildings or structures of a public water company: Foster v. Fowler, supra; Guest v. Water Co., supra. Moreover, the toll house of a canal is exempt from taxation (Navigation Co. v. Commissioners, 11 Pa. 202), as are the works of an incorporated gas company: West Chester Gas Co. v. County of Chester, 30 Pa. 232. It is held by the Supreme Court of Missouri, in Skrainka v. Rohan, 18 Mo. App. 340, that a building erected by a railroad to be used as a freight depot and office rooms, is not subject to a mechanic's lien. Such lien is not analogous to a municipal claim where, under certain conditions, land may be sold subject to the easement of the public service corporation (South Fork Boro. v. Penna. R. R. Co., 251 Pa. 261), nor to the case of an assessment for taxation where the value of the building may be apportioned according to the uses made thereof: M. E. Church v. Phila., 266 Pa. 405; Phila. v. Barber, 160 Pa. 123.

Appellant contends with great earnestness that the burden was upon appellee to bring the case within the exemption and that it was done if at all by oral evidence which was for the jury. We recognize the force of this contention and have given it due consideration. The case, however, does not rest on the credibility of the oral testimony submitted by defendant, but on all the evidence of both sides, including plans, photographs, etc. While there may be some difference in the opinions of the witnesses, there is no controlling fact in controversy and nothing for a jury to pass upon. The object of the structure, the manner and purpose of its construction and the uses made of it appear from all the evidence, and it becomes the duty of the court to declare their legal effect.

The assignments of error are overruled and the judgment is affirmed.