## Arsenal Garage Company *v.* Fraley, Appellant.

*Contracts—Payments — Payment made under a mistake — Recovery back—Case for jury.*

In an action for money paid under mistake of fact, the case is for the jury and a verdict will be sustained, where there was sufficient evidence that the plaintiff had made the payments in question and that defendant had not changed his position in consequence of such payments.

Argued April 28, 1924. Appeal, No. 66, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 2645, on verdict for plaintiff, in the case of Arsenal Garage Company v. A. W. Fraley, doing business under the firm name of A. W. Fraley & Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money alleged to have been paid under a mistake of fact. Before DOUGLASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $448.77 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Coleman Harrison,* and with him *Levy & Levy,* for appellant, cited: Peebles v. City of Pittsburgh, 101 Pa. 304; Taylor v. Board of Health, 31 Pa. 73; McCrickart v. Pittsburgh, 88 Pa. 133; Dotterer v. Scott, 29 Pa. Superior Ct. 553.

*Albert C. Hirsch,* and with him *Watson & Freeman,* for appellee, cited: Union Trust Co. v. Gilpin, 235 Pa. 524, 530; Potter v. L. V. R. R., 80 Pa. Superior Ct. 237; Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615; Meredith v. Haines, 14 W. N. C. 364; McKibben v. Doyle, 173 Pa. 579.

OPINION BY LINN, J., July 2, 1924:

Plaintiff has judgment in a suit to get back money paid under mistake of fact. The court refused defendant's motion for judgment n. o. v.; and that refusal is assigned for error. As there is ample evidence to support the verdict, we must affirm. Defendant's employees did electrical work in plaintiff's garage in July and August, 1919. During part of the period, another contractor erected an electrical sign on the garage, defendant not being equipped to do that work. Defendant's workmen,—union men,—then learned that the sign had been put up by nonunion labor and quit work. To get them back, plaintiff agreed that four union men should be employed to do nothing, for the period of the employment of the nonunion men, but should be paid as though

they had done the work done by the nonunion men. In defendant's bill rendered for July, a charge of $172.10 for "electrician's time" was duplicated; in the bill for August, there was a similar duplication of $208.80. Both bills, containing other items, were paid by plaintiff under a mistake of fact,—under the impression that materials had been furnished and services had been rendered as billed. Defendant justified the duplication as resulting from plaintiff's agreement to pay union men for the time made by the nonunion men working on the sign. Plaintiff denied that those charges represented that amount and also offered defendant's bill, which plaintiff paid, exhibit 3-A, which at the head of it states, inter alia, "electricians' time spent on this sign work, 4 men 2 days each. These men did not do any work but sat on the job;" below that statement appear the names of the workmen, hours, rate, etc., with a total of $71.42. Defendant's books of account were referred to, as bearing on his contention, but his testimony was that "there was a page torn in half. You can see some of it and the other you cannot see, the time of the men sitting on the job." Of course, that contradiction in the respective contentions of the parties, with the evidence on which each relied, could only be settled by the jury; we may not interfere with it. There is no evidence that defendant changed his position in any legal sense in consequence of the payment. The verdict was for the amount of the duplicated items. Plaintiff brought its case within the principles so recently considered and applied in Kunkel v. Kunkel, 267 Pa. 163, 168, and Potter v. R. R. Co., 80 Pa. Superior Ct. 237, that further discussion is now unnecessary.

Judgment affirmed.