# Commercial National Bank and Trust Co. v. American Kid Co.

*Maurice W. Sloan,* for plaintiff; *Abraham L. Freedman,* for defendant.

KUN, J., May 23, 1932.—Plaintiff bank obtained judgment against the defendant company and issued a writ of fi. fa. thereon, which was returned nulla bona. Thereafter, plaintiff issued an alias fi. fa. While this was out, plaintiff filed its petition for a citation under the Act of April 14, 1828, P. L. 439, directed to the treasurer of the defendant company, commanding him to appear in court on a day certain and answer such interrogatories as may be put to him concerning the property of the corporation. The treasurer of the corporation filed a petition and obtained a rule thereon to quash the citation on the ground, as stated in the petition, that it was issued before the second fi. fa. had been returned nulla bona; but at the argument on the rule the question was also raised as to whether or not the Act of April 14, 1828, under which the citation was issued, is still in force, the contention being made on the part of the treasurer of the corporation that it had been repealed by implication by the Act of June 16, 1836, P. L. 755, entitled "An Act Relating to Executions." If the Act of 1828 is still in force, we doubt whether the objection that the citation was obtained while the second fi. fa. was still out would be a good one, for there had been a fi. fa. issued which had been returned nulla bona, which seems to be the only condition required for the issuance of the citation.

There is no reason why there should not be available to a judgment creditor every means of execution which the law allows or why they may not be used concurrently. What the Act of 1828 requires as a condition precedent to the issuance of the citation to an officer of the debtor corporation is that there should have been issued a writ of fi. fa. to execute the judgment, and that it was returned nulla bona.

The citation authorized by the act is but a supplementary process to the execution, and it can well be that while a second writ of fi. fa. is out, the judgment creditor, through the aid of the citation and the examination of the officers of the corporation thereunder, would disclose the whereabouts of the property of the corporation which could be taken in execution under the outstanding second writ. However, whether this be so or not, it is unnecessary to determine in this proceeding, because counsel for the objecting officer of the debtor corporation, at the argument on his rule to quash, withdrew this objection as a practical

matter because it was disclosed, according to the statement of plaintiff's counsel, that the sheriff had informed him he could find no goods under the second writ, whereupon the petition for citation under the Act of 1828 was filed by him, though the second writ had not been formally returned.

The treasurer of the debtor corporation presses his point that there was no warrant in law for the issuance of the citation or the interrogatories against him to disclose the whereabouts of property of the debtor corporation, because, as he contends, the Act of 1828, under which the citation was issued against him, is no longer in force, arguing that it was repealed by the Execution Act of 1836, above referred to. The point is made that because, under the latter act, the judgment creditor may file a bill in equity for discovery and join therein, in addition to the judgment defendant, any person having possession of such real or personal estate (of the judgment defendant), or who may owe or may be accountable for the same, or have knowledge of the same, and, therefore, discover assets in that way, the simple process of citation and interrogatories directed to an officer of a debtor corporation, which was provided by the Act of 1828, is no longer available for a judgment creditor, the argument being, as stated, that the Act of 1828 was repealed by implication by the Act of 1836.

Counsel cites the case of Bickley v. Paul, 11 Phila. 256. There, a bill for discovery was filed against certain stockholders of a corporation and others alleged to have secured its assets. An objection was raised (inter alia) that the plaintiff had an adequate remedy in law by proceeding under the Act of 1828. In the course of the opinion of the court doubt was expressed as to the existence of the remedy afforded by the Act of 1828, but it was said that it was unnecessary to go into the question. The demurrer to the bill was sustained on other grounds— want of proper parties. The court said it was then (1876) too late to question the right of a creditor to a bill for discovery and application of assets of a debtor corporation to the satisfaction of his claim. In that case the Act of 1828 would not have been available to the judgment creditor because the plaintiff in the bill apparently named others than officers of the corporation alleged to have secured its assets, so that it was only through a bill for discovery that they could be reached. It must be noted that the Act of 1828 limits the issuance of a citation to appear and answer interrogatories to officers of a debtor corporation.

The other case cited, Mount Union Borough v. Kunz, 290 Pa. 356, was a proceeding under the Act of 1828. The court, in passing, referred to the doubt expressed in Bickley v. Paul, supra, as to it being an existing remedy, but did not express its own opinion on the subject, being content with stating that no appellate decision construing the statute had been called to their attention, nor had they discovered any. Proceeding, then, on the assumption of its applicability, the court held that the facts in the case did not bring the proceeding within the terms of the act.

These two cases are hardly authority for the contention that the Act of 1828 was repealed by implication by the Act of 1836.

As is well known, repeals by implication are not favored in law, and the theory of implied repeals is applied only in extreme cases. It is the function of the legislature to make the laws and to unmake them. The courts merely interpret the laws and apply them. The reason that repeals by implication are not favored in the law, and the principle of implied repeal is applied only in extreme cases, is that in such rulings there is involved something in the nature of an encroachment on the legislative function. This has nothing whatever to do with the power of the courts to declare a legislative act unconstitutional, because in doing so the courts merely declare that the legislature has gone beyond the power given it by the organic law under which it was itself constituted. Before,

therefore, a court may hold that an act of the legislature has been repealed by implication by reason of the passage of a subsequent act, there must be such a repugnancy and inconsistency between them and they must be so irreconcilable that they cannot stand together. In other words, there must be an irresistible implication that the legislature intended by the latter act to repeal the former. The repugnance between the two acts must be total: Com. *v.* Provident Trust Co., 287 Pa. 251, 257; Provident Life and Trust Co. *v.* Klemmer, 257 Pa. 91; Com. *v.* Meyers, 290 Pa. 573, 585. We can find no such repugnancy or inconsistency or irreconcilability between the Act of 1836 and the Act of 1828 under discussion.

The provision for the examination of officers or members of a debtor corporation under the Act of 1828 provided a supplementary proceeding which curiously it took the legislature nearly a hundred years to make available to a creditor of an individual debtor, which it did by the Act of May 9, 1913, P. L. 197. The latter is limited to the examination of an individual debtor or debtors, and under it an officer of a debtor corporation may not be examined. We agree with the decision of the municipal court to that effect in Kohn, Adler & Co. *v.* Hyman Co., 9 D. & C. 3, and that if an officer or a member of a debtor corporation is to be examined in like manner, authority for such procedure is under the Act of April 14, 1828, P. L. 439. The proceeding under the Act of 1828 is direct, simple and expeditious. A citation is issued and interrogatories being filed the same day, a hearing may be had thereon in fifteen days, with very effective provisions for punishment for contempt on failure to answer or for unsatisfactory answers, and the issuance of an order of sequestration in the nature of garnishment in foreign attachment. On the other hand, on the filing of a bill of discovery, the defendant may interpose preliminary objections, which must within ten days be put on the next argument list, sometimes nearly a month off, and if and when they are overruled, the defendant is given the right to file an answer in fifteen or thirty days, after which there is a replication, and then the parties must wait for the equity trial list to be heard, unless a special hearing is granted. It is apparent, therefore, that when a judgment creditor is after assets of a debtor corporation following a return of nulla bona on a fi. fa., in so far as he wishes to make inquiries of officers or members of the corporation, he has a much superior remedy by citation and interrogatories under the Act of 1828 than by bill of discovery under the Act of 1836. Of course, if discovery is sought of others than officers or members of the debtor corporation, the Act of 1828 is not applicable and the creditor must proceed by bill of discovery under the Act of 1836.

The question whether the Act of 1828 was impliedly repealed by the Act of 1836 has never before been directly litigated. Now that it has, we hold, on the basis of the foregoing opinion, that there is no such repugnancy or inconsistency or irreconcilability (if, indeed, there is any) between the two acts that they cannot stand together, and which leads to the irresistible implication that by the passage of the latter it was intended to repeal the former. The acts are not totally repugnant or inconsistent. They are complementary to the extent that they refer to the same subject matter.

We conclude that the Act of April 14, 1828, P. L. 439, has not been repealed by implication by the Act of June 16, 1836, P. L. 755, so that the Act of 1828 is still in force and available to judgment creditors as a supplementary proceeding against corporate judgment debtors in aid of execution according to its terms.

The rule to quash the citation and interrogatories is discharged.